UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Stephen E. Peacock,                    )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          Case No. 3:13-CV-651-PLR-HBG
                                       )
Equifax, Inc. *et al.*,                )
                                       )
                Defendants.            )

---

## Amended Memorandum Opinion and Order

---

Stephen Peacock has sued several credit reporting agencies and financial institutions, claiming they violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. One of the defendants, Santander Consumer USA, answered Mr. Peacock's complaint and filed a counterclaim for breach of contract based on Mr. Peacock's failure to repay a loan he took out to buy a car. Mr. Peacock did not respond to Santander's original counterclaim, and he did not timely respond to Santander's later filed amended counterclaim. Eventually, however, Mr. Peacock moved to dismiss Santander's amended counterclaim, arguing that the statute of limitations had elapsed. Before the Court ruled on Mr. Peacock's motion to dismiss, Santander filed a motion for summary judgment on both Mr. Peacock's complaint and Santander's amended counterclaim. Mr. Peacock, who is represented by counsel, did not respond or oppose Santander's motion for summary judgment in any way. For the reasons discussed below,

Mr. Peacock's motion to dismiss will be granted in part and denied in part, and Santander's motion for summary judgment will be granted in part and denied in part.

## 1. Motion to Dismiss

Mr. Peacock's motion to dismiss argues that the six-year statute of limitations for breach-of-contract actions bars Santander's entire counterclaim. *See* Tenn. Code Ann. § 28-3-109(a)(3). In May of 2007, Mr. Peacock entered into a Retail Installment Sales Contract (a "RISC") to buy a car. According to the terms of the RISC, Mr. Peacock was required to make monthly installment payments for 36 months to repay the loan. He failed to make his October 2007 payment or any payment thereafter. Santander filed its counterclaim on November 1, 2013, more than six years after Mr. Peacock's first missed payment. Thus, according to Mr. Peacock, the six-year statute of limitations bars recovery of all amounts owed under the RISC.

Santander responds initially by asserting that a statute-of-limitations defense is an affirmative defense that is waived if it is not pled in the first responsive pleading. Fed. R. Civ. P. 8(c). Santander claims that Mr. Peacock waived his statute-of-limitations defense by not timely responding to their counterclaim and asserting it. Santander is correct that failure to raise an affirmative defense may result in waiver; however, that rule is not absolute. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) ("Failure to raise an affirmative defense by responsive pleading does not always result in waiver."). Federal Rule of Civil Procedure 8(c) is meant to give an opposing party notice of an affirmative defense and an opportunity to respond. *Id.* (citing *Moore, Owen, Thomas, & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)). Mr. Peacock did fail to timely answer or

2

respond to Santander's amended counterclaim, but his motion to dismiss asserting the statute-of-limitations defense was filed soon enough to avoid any prejudice to Santander, who had ample notice and an opportunity to respond. In this light, Mr. Peacock did not waive his statute-of-limitations defense.

As for the merits of the statute-of-limitations defense, Mr. Peacock's last payment was more than six years prior to Santander asserting its counterclaim; however, that does not relieve Mr. Peacock of liability for every subsequent payment he owed. For periodic installment notes, like the one at issue here, Tennessee law is "well-settled that the cause of action accrues on each installment when it becomes due." *Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn. Ct. App. 1990) (citing *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. Ct. App. 1982)). In *Farmers & Merchants*, the Tennessee Court of Appeals confirmed that a suit may be brought for each defaulted installment payment. *Farmers & Merchants*, 646 S.W.2d at 923. Accordingly, only those installment payments that became past due more than six years prior to the commencement of an action are barred by the statute of limitations.

Santander's original counterclaim was filed on November 1, 2013. Thus, Tenn. Code Ann. § 28-3-109 bars collection of only those installment payments that were past due prior to November 1, 2007. Accordingly, Mr. Peacock's motion to dismiss will be granted in part and denied in part. It will be granted with respect to Santander's claims based on unpaid installment payments that became past due prior to November 1, 2007. It will be denied with respect to all remaining past-due payments.

## 2. Motion for Summary Judgment

Santander has moved for summary judgment on Mr. Peacock's claims against it, as well as its amended counterclaim against Mr. Peacock. Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc*., 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc*., 477

4

U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### a. Santander's Counterclaim

Santander argues that it is entitled to summary judgment on its amended counterclaim because the undisputed evidence establishes that Mr. Peacock breached his obligations under the RISC by not making his monthly installment payments. Mr. Peacock entered into the RISC in May of 2007 to borrow $8,019 to buy a car. Under the terms of the RISC, Mr. Peacock was required to make 36 monthly payments beginning in June of 2007 and ending in June of 2010. Mr. Peacock failed to make his monthly payment in October 2007 or in any month thereafter. [R. 26-1, Loan History, Page ID 198].

In Tennessee, to prevail in a breach-of-contract action, a plaintiff must demonstrate (1) the existence of a contract, (2) breach of that contract, and (3) damages

5

flowing from the breach. *Life Care Ctrs. of Am. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Santander has introduced evidence of all three elements. Santander has submitted the RISC at issue [R. 26-1, Goodman Declaration, Page ID 190-95]; it has submitted evidence of a breach of the RISC due to non-payment [*Id.* at Page ID 196-99]; and Santander has suffered damages from Mr. Peacock's non-payment. Accordingly, at this point, Santander has presented sufficient evidence to support a motion under Rule 56.

To establish a genuine issue as to the existence of a particular element, Mr. Peacock must point to evidence in the record upon which a reasonable finder of fact could find in his favor. *Liberty Lobby*, 477 U.S. at 248. Mr. Peacock has not pointed to any evidence in the record to establish the existence of disputed facts. In fact, despite being represented by counsel, he never responded to Santander's motion for summary judgment.[1] Accordingly, the undisputed facts established by Santander support its breach-of-contract counterclaim. Santander's motion for summary judgment will be granted with respect to all installment payments that came due within the six-year statute of limitations.

### b. Mr. Peacock's Fair Credit Reporting and Fair Debt Collection Practices Claims

Mr. Peacock's complaint asserts that Santander reported erroneous, inaccurate, or incomplete information to the various credit reporting agencies, and that Santander refused to properly re-investigate and remove any incomplete or inaccurate account

---

[1] Under Local Rule 7.2, failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.

tradelines—all in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). [R. 1, Complaint, ¶¶ 22, 23, 26, 27, 33, 35, and 36].

Under 15 U.S.C. § 1681s-2(b), if a furnisher of information like Santander is notified by one of the consumer reporting agencies that a consumer disputes the completeness or accuracy of the credit information it has furnished, it must (1) investigate the veracity of the disputed information; (2) review the information provided by the credit reporting agency; (3) report the results of the investigation; and (4) correct any inaccuracies uncovered by the investigation. *Mengitsu v. Bank of America*, 2012 WL 3890597, at *4 (M.D. Tenn. Sept. 7, 2012) (citing *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 359 (6th Cir. 2005)).

Santander received a total of three automated consumer dispute verifications, also known as ACDVs, relating to Mr. Peacock in June and July of 2013. According to two of the ACDVs, Mr. Peacock "claimed inacc[urate] info" and asked Santander to verify Mr. Peacock's ID and the charge off on the account. The third ACDV, from Equifax, stated that Mr. Peacock disputed the "date of last payment/date opened or closed/date of first delinquency/date of charge off." In response, Santander verified Mr. Peacock's ID by comparing the personal identifiers appearing in the ACDVs with Santander's records for Mr. Peacock's account. These identifiers include: first, middle, and last names; social security number; date of birth; phone number; and current address. Santander also verified that the following information was accurately reported:

- Mr. Peacock's account status;

- the date the account information was reported to the different credit bureaus;

- the date of the first account delinquency;

- the current account balance;

- the amount past due;

- the original loan amount;

- the scheduled payments;

- the amount charged off; and

- Mr. Peacock's full account history.

Upon determining that everything was accurate, Santander informed the reporting agencies of its conclusion. The undisputed facts establish that Santander conducted a reasonable investigation after receiving the ACDVs. In fact, there is no evidence in the record of any inaccuracies in the information Santander reported. As discussed above, to establish a genuine issue as to the existence of a particular element, Mr. Peacock must point to evidence in the record upon which a reasonable finder of fact could find in his favor. *Liberty Lobby*, 477 U.S. at 248. There being no facts in dispute, Santander is entitled to summary judgment.

### 3. Conclusion

For the above stated reasons, Mr. Peacock's motion to dismiss [R. 21] is **Granted in Part** and **Denied in Part.** It is granted with respect to any installment payments that became past due prior to November 1, 2007, as they fall outside the six-year statute of limitations. It is denied with respect to all remaining installment payments. Santander's motion for summary judgment [R. 26] is also **Granted in Part** and **Denied in Part**. It is

denied with respect to any installment payments that became past due prior to November 1, 2007.  Santander's motion for summary judgment is otherwise granted.

Santander is **Ordered** to file within 30 days of entry of this order a memorandum specifically detailing its damages, including principal and interest owed under the RISC (post November 1, 2007), attorney fees, costs.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**